## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 08 2017, 10:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Scott Knierim | Curtis T. Hill, Jr. |
| Danville, Indiana | Attorney General of Indiana |
| | Matthew B. Mackenzie |
| | Deputy Attorney General |

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Abiyel Tsegai, | December 8, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 32A04-1707-CR-1441 |
| v. | Appeal from the Hendricks Superior Court |
| State of Indiana, | The Honorable Stephenie Lemay-Luken, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 32D05-1610-F6-982 |

**Barnes, Judge.**

# Case Summary

[1] Abiyel Tsegai appeals his conviction for Level 6 felony auto theft. We affirm.

# Issue

[2] The sole issue before us is whether there is sufficient evidence to sustain Tsegai's conviction.

# Facts

[3] Tsegai was employed by a Best Western hotel in Plainfield. The hotel had a van used solely to shuttle guests to and from the airport or for getting supplies for the hotel; it was not for personal use. The hotel's manager, Ashley Lawrence, had told Tsegai more than once that he was not allowed to drive the van at all and, in fact, that he was not even to "look at it." Tr. p. 72.

[4] On October 16, 2016, Misty Kilgore was working as the front desk agent at the hotel. She did not think she had permission to allow anyone in particular to use the van, believing that only Lawrence could give such permission. Lawrence, however, said that Kilgore had such authority. In any event, at about 8:30 a.m., Tsegai took the keys for the van and told Kilgore he was going to take a friend home and would return in about fifteen or twenty minutes. Kilgore did not attempt to stop him because she was not sure whether he had been given permission to take the van.

[5] Approximately an hour after Tsegai left, Lawrence called Kilgore to check on the hotel and learned that Tsegai had taken the van earlier that morning and not

yet returned. Lawrence instructed Kilgore to call the police. An officer was dispatched to the hotel between 9:30 and 10 a.m. While the officer was there, Tsegai called the hotel and asked why police were there. As it turned out, Tsegai was across the street from the hotel at a Steak & Shake restaurant with the van. The officer learned that Tsegai did not currently have a valid driver's license. The officer then went to the restaurant, found Tsegai, and arrested him.

[6] The State charged Tsegai with Level 6 felony auto theft and Class B misdemeanor public intoxication. The State later dismissed the public intoxication charge. A jury trial was held on May 8, 2017, after which Tsegai was convicted as charged. He now appeals.

## Analysis

[7] Tsegai claims there is insufficient evidence to sustain his conviction. When analyzing a claim of insufficient evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.* The evidence does not have to overcome every reasonable hypothesis of innocence, and it is sufficient if an inference may reasonably be drawn to support the verdict. *Id.*

In order to convict Tsegai of Level 6 felony auto theft as charged, the State was required to prove that he knowingly or intentionally exerted unauthorized control over another person's motor vehicle, with intent to deprive the owner of the vehicle's value or use. *See* Ind. Code § 35-43-4-2.5. The only argument Tsegai makes is that there was insufficient evidence of his use of the hotel van being unauthorized. He focuses primarily upon the conflicting testimony of Lawrence and Kilgore, with Lawrence stating that Kilgore could have authorized use of the van and Kilgore believing that only Lawrence had such authority.

However, the evidence most favorable to the conviction is that Lawrence previously had told Tsegai, on several occasions and in no uncertain terms, that he was not allowed to drive the van. Tsegai also did not have a valid driver's license on the date he took the van. Although Kilgore did not attempt to stop Tsegai from taking the van keys and driving way, neither did she tell him he was allowed to do so; she was unsure at the time whether someone else had given him permission to take the van. Put together, this evidence indicates that Tsegai, at the least, knew he was not authorized to take the van. Tsegai does not challenge the sufficiency of the evidence on any of the other elements of auto theft.

## Conclusion

There is sufficient evidence to sustain Tsegai's conviction for Level 6 felony auto theft. We affirm.

Affirmed.

May, J., and Bradford, J., concur.